IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSHUA DALEY, | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 10cv2593 |
| OFFICER JOSE ROSALES AND COUNTY OF PRINCE GEORGE'S, MD | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pending before the Court is Defendant Prince George's County, Maryland's Motion To Dismiss Prince George's County, Maryland as a named defendant (ECF No. 5) and Plaintiff's Praecipe conceding the same (ECF No. 8). Because the Complaint does not request any damages from or assert any wrongdoing by Defendant Prince George's County, Maryland the Court will, by separate order, grant Prince George's County, Maryland's motion.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court declared that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." -- U.S. --, 129 S.Ct. 1937, 1949 (2009).

The Complaint alleges violations of Violation of 42 U.S.C. 1983- Excessive Force/Brutality (Count I), Violation of 42 U.S.C. 1983 – False Arrest (Count II), Assault and Battery (Count III), False Arrest/False Imprisonment (Count IV), and Violation of Maryland Constitution, Article 26 – False Arrest (Count VI) against Defendant Officer Rosales. (Compl., ECF No. 1.)  However, Defendant Prince George's County, Maryland is not mentioned anywhere in the complaint except as a named defendant and as the employer of Defendant Officer Rosales. (Compl. 2.)  Furthermore, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *accord Iqbal*, 129 S.Ct. at 1947 ("[V]icarious liability is inapplicable to . . . § 1983 suits.").  Because no misconduct is alleged against Defendant Prince George's County, Maryland, no claims against it are plausible and the motion to dismiss shall be granted.  A separate order follows.

November 19, 2010

                                                            /s/
                                    ROGER W. TITUS
                       UNITED STATES DISTRICT JUDGE